**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT WALTER MOORE,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-627** |
| v. : | |
| **COMMONWEALTH** : | **(MANNION, D.J.)** |
| **OF PENNSYLVANIA,** | **(CARLSON, M.J.)** |
| : | |
| **Defendant** | |
| : | |

# M E M O R A N D U M

Pending before the court is the report and recommendation of Judge Martin C. Carlson, (Doc. No. 14), which recommends that plaintiff's complaint, (Doc. No. 1),  be dismissed with prejudice. No objections to the report were filed.

I.   **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.   DISCUSSION

Pro se plaintiff filed his complaint on March 8, 2013. Judge Carlson recommended that the complaint be dismissed for failure to state a claim on March 11, 2013. (Doc. No. 4). Plaintiff objected to Judge Carlson's original report, (Doc. No. 6), and attempted to effectuate proper service on various defendants. (Doc. Nos. 7-12). Given plaintiff's attempts to remedy the deficiencies noted in Judge Carlson's original report, the court ordered on October 22, 2013, that plaintiff's complaint be dismissed without prejudice to him refiling a complaint which properly stated a claim for relief within a month of the order. (Doc. No. 13). Plaintiff has not done so. As Judge Carlson's

2

report thoroughly explains, when a pro se plaintiff fails to timely amend a complaint, it is well within the court's discretion to dismiss the complaint with prejudice, particularly where a plaintiff is warned, as plaintiff was here, that failure to amend will result in dismissal with prejudice. *See* [Pruden v. SCI Camp Hill, 252 F.App'x 436, 438 (3d Cir. 2007)](#).

      Accordingly, **IT IS HEREBY ORDERED THAT** Judge Carlson's report is **ADOPTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE.** The Clerk is directed to close the case. A separate order shall issue.

                                    s/ *Malachy E. Mannion*
                                    **MALACHY E. MANNION**
                                    **United States District Judge**

**Date: February 21, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0627-01.wpd